UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    SUSAN G. BROWN,

           Debtor.

Case No. 15-11017
Hon. Denise Page Hood

_____/

    SUSAN G. BROWN,

           Appellant,

v.

    DOUGLAS ELLMANN, TRUSTEE,

           Appellee.

(Bankruptcy Case No. 14-48421)

_____/

**OPINION AND ORDER DISMISSING BANKRUPTCY APPEAL,
DENYING AS MOOT THE MOTION TO STAY PENDING APPEAL,
and CLOSING CASE**

**I.    BACKGROUND**

Appellant Susan G. Brown, Debtor, filed an appeal from a Bankruptcy Court order entitled, "Order Granting Trustee's Application for Authority to Sell Certain Property Free and Clear of Liens, Claims, Encumbrances and Other Interests at Auction Sale and Transferring Liens, Encumbrances and Other Interests to Proceeds of Sale; to Evict Debtor; and Approving Broker's Fees and Costs." (Doc. No. 1)  On appeal, Brown argues that the Bankruptcy Court erred in failing to recognize Brown's

property interest in the foreclosure redemption rights with respect to her home and that the Bankruptcy Court erred in denying Brown an exemption for her property interest. The Appellant Bankruptcy Trustee Douglas Ellmann responds that Brown has no contingent foreclosure redemption right exemption and that the Bankruptcy Court's Order should be affirmed.

On May 15, 2014, Brown filed a petition under chapter 7 of the United States Bankruptcy Code. (Doc. No. 5, Pg ID 24-62) Brown listed in Schedule A-Real Property, a home in Ypsilanti, Michigan, with a value of $170,000.00 and $219,000.00 of secured claim against the property. (Doc. No. 5, Pg ID 29) Brown did not initially list in Schedule C-Property Claimed as Exempt, any exemption related to the property. (Doc. No. 5, Pg ID 33) In Schedule D-Creditors Holding Secured Claims, Brown listed two mortgages: Everhome Mortgage (serviced by Green Tree, LLC), with a value of $182,000.00, and First Tennessee Bank, a value listed at $37,000.00. (Doc. No. 5, Pg ID 34) Brown filed a Statement of Intent with the Bankruptcy Court indicating she intended to surrender the property. (Doc. No. 5, Pg ID 225-226)

The Bankruptcy Court entered an Order on August 19, 2014 discharging Brown. (Doc. No. 5, Pg ID 65) On September 16, 2014, Green Tree obtained an order lifting the automatic stay to exercise any remedy Green Tree may have under

state law. (Doc. No. 5, Pg ID 100) On February 5, 2015, the Bankruptcy Trustee filed an application before the Bankruptcy Court for approval of the sale, the authority to evict Brown from the property with 30 days' notice, and to distribute the proceeds of the sale. (Doc. No. 5, Pg ID 101-104) The Bankruptcy Trustee entered into an agreement to sell the property to a third party for the purchase price of $160,000.00. The Bankruptcy Trustee stated that the first mortgage creditor had agreed to a "short sale," agreeing to $148,220.43 in full satisfaction of the balance of $189,020.74 owed by Brown on the first mortgage. The first mortgage creditor also agreed to the distribution of $6,000.00 to the second mortgage creditor. The remaining balance of the proceeds would pay the real estate broker, closing costs and the bankruptcy estate for distribution to Brown's other creditors. (*Id.* and Pg ID 119-129)

On February 24, 2015, Brown filed an objection to the Bankruptcy Trustee's application to sell the Ypsilanti property. (Doc. No. 5, Pg ID 137) On March 1, 2015, supplemented on March 23, 2015, Brown amended Schedule C claiming an exemption of the property under 11 U.S.C. § 522(d)(1) in the amount of $11,470.00 and under 11 U.S.C. § 522(d)(5) in the amount of $11,675.00. (Doc. No. 5, Pg ID 193-195) Brown did not amend Schedule A.

On March 3, 2015, the Bankruptcy Court issued its findings and order granting

3

the Bankruptcy Trustee's application to sell and distribute the proceeds of the sale. (Doc. No. 5, Pg ID 181-185) The Bankruptcy Court denied Brown's March 1, 2015 amended exemptions to the property.  (Doc. No. 5, Pg ID 185) On April 1, 2015, the Bankruptcy Court denied Brown's Motion for Order Staying Distribution Pending Appeal.  (Doc. No. 5, Pg ID 199-215)  This appeal followed.  The parties have filed briefs and a hearing held on the matter.

## II.  ANALYSIS

### A.  Standard of Review on Appeal

District courts have jurisdiction over appeals from "final judgments, orders, and decrees" of the bankruptcy courts.  28 U.S.C. § 158(a)(1).  "For purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Janna W. Cundiff,* 227 B.R. 476, 477 (6th Cir. BAP 1998); *Catlin v. United States,* 324 U.S. 229, 233 (1945).  An order denying an exemption in a bankruptcy proceeding is a final, appealable order.  *In re Cottrell,* 876 F.2d 540, 542 (6th Cir. 1989) (citations omitted); *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (6th Cir. BAP 1998).

Findings of fact are reviewed under the clearly erroneous standard.  Fed. R. Bankr. P. 8013; Fed. R. Civ. P. 52(a).  "If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the [reviewing

court] may not engage in its own factfinding but, instead, must remand the case to the bankruptcy court for the necessary factual determination." *Helfrich v. Thompson (In re Thompson)*, 262 B.R. 407, 408 (6th Cir. BAP 2001). A bankruptcy court's conclusions of law are reviewed de novo. *Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 439 F.3d 248, 254 (6th Cir. 2006); *In re Downs,* 103 F.3d 472, 476-77 (6th Cir. 1996).

**B.     Exemptions**

Brown argues on appeal that the Bankruptcy Court erred in denying her exemption rights of foreclosure and redemption under Michigan's foreclosure statute, M.C.L. 600.3240. She asserts that the foreclosure rights became property of the bankruptcy estate on the date of petition under 11 U.S.C. 541 and that a debtor may exempt such property of the estate under 11 U.S.C. 522. The Bankruptcy Trustee argues on appeal that because there was no foreclosure proceeding, there can be no redemption right to exempt. Brown rejects the Bankruptcy Trustee's argument asserting that Michigan has recognized a redemption right even before a foreclosure sale occurs.

A review of a bankruptcy court's disallowance of an exemption is a ruling on a matter of law, which is reviewed *de novo*. *In re Darrohn,* 615 F.3d 470, 474 (6th Cir. 2010). At the commencement of the bankruptcy case, a debtor's legal and

5

equitable interest in all property become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). A debtor may exempt certain types of property pursuant to either state law exemptions or federal law exemptions as set forth in 11 U.S.C. § 522(d). Exemptions are determined as of the bankruptcy case filing date. *Wolf v. Salvern (In re Wofl)*, 248 B.R. 365 (B.A.P 9th Cir. 2000). Exempt property is protected against unsecured debts. 11 U.S.C. § 522(c). However, property subject to secured liens in excess of the value of the property may not be exempted and any such claimed exemptions are subordinate to a secured creditor's lien on the property. 11 U.S.C. § 522(c)(2). A debtor can only claim an exemption if there is equity in the property, and, if the sale proceeds are insufficient to satisfy the mortgages, there is no equity for a debtor to exempt. *Baldridge v. Ellmann (In re Baldridge)*, 553 F. App'x 598, 599 (6th Cir. 2014). The Sixth Circuit in reviewing the same argument raised by Brown's counsel in the *Baldridge* case, noted that "the Trustee had the authority to waive the right of redemption as a condition of the sale of the property." *Id.* at 599. The Sixth Circuit further noted that even if the mortgagee agreed to remit a portion of the sale of the property to the Bankruptcy Trustee, there still exited a deficiency on the balance owed to the mortgagee. *Id.* The Sixth Circuit ruled that, "inasmuch as the sale proceeds were insufficient to satisfy the prior obligations owed to the secured creditors, there was no residual equity in the property to which debtors'

6

exemptions could attach. Debtors' novel argument to the contrary lack both factual and legal support." *Id.*

The Sixth Circuit *Baldridge* decision is persuasive. The same arguments were raised by Brown's counsel in that case as in the instant case. The only new argument Brown's counsel raises in this case is that the Supreme Court case in *Law v. Siegel,* 134 S. Ct. 1188 (2014), which was issued after the Sixth Circuit issued its decision in *Baldridge*, overturns the *Baldridge* decision. In *Siegel,* the issue before the Supreme Court was whether a surcharge for increased administrative costs of the estate could be assessed against a debtor's exemptions due to a debtor's bad faith conduct in hiding certain assets from the bankruptcy trustee. The Supreme Court ruled that the bankruptcy court had no authority to surcharge the debtor's bankruptcy exemptions because it contravened a specific provision of the Bankruptcy Code. *Siegel*, 134 S.Ct. at 1195. Section 522(b)(3)(A) allowed the debtor a $75,000 exemption of the equity of the debtor's home under California law. *Id.* The Supreme Court ruled that the bankruptcy court's surcharge on the debtor's homestead exemption under California law violated § 522's express terms.

*Siegel* does not apply to the facts and law of the instant case. The issue before the Bankruptcy Court and this Court does not involve a surcharge on Brown's equity exemption of foreclosure and redemption. In this case, as alleged by Brown in her

Petition, there were two mortgages on the Brown's property and that the amount Brown owed on the two mortgages exceeded the value of the property. Brown intended to surrender the property instead of affirming the mortgages or redeeming the property. At the time the Bankruptcy Trustee sought approval for the sale of the property, the purchase price of the property was $160,000, which still exceeded the amount owed by Brown under the first mortgage which was $189,020.74 as of February 3, 2015, in addition to the lower priority second mortgage. (Doc. No. 5, Pg ID 121) The Bankruptcy Court's ruling that there was no equity in the property which did not allow Brown any equity exemption on the property, was not in error. Based on *Baldridge*, if a debtor has no equity in the property, the debtor is not entitled to any equity exemption on the property. *Siegel* did not address this issue.

Even giving credence to Brown's argument that *Siegel* stands for the broader proposition that the Bankruptcy Court had no authority to allow the Bankruptcy Trustee to distribute any of the proceeds to itself because such proceeds are the property of the estate which may then be exempted by Brown under § 522 (with which the Court does not agree *Siegel* so stands), *Siegel* is still inapplicable to this case. The Sixth Circuit ruled in *Baldridge*, that the funds which the trustee "carved out" for itself upon the closing of the sale, was not property of the debtor's estate because the funds did not exist at the time the bankruptcy case was commenced and

8

that the trustee had the authority to waive the right of redemption as a condition of the sale of the property. *Baldridge*, 553 F. App'x at 599. The Sixth Circuit noted, "irrespective of the reason" why the bank agreed to remit a portion of its recovery to the trustee, "inasmuch as the sale proceeds were insufficient to satisfy the prior obligations owed to the secured creditors, there was no residual equity on the property to which debtors' exemptions could attach." *Id.* The Court agrees with the Sixth Circuit's reasoning that the "carved out" funds did not exist at the time the debtor filed the petition, and therefore could not be property of the estate. In this case, the $6,000.00 the third party purchaser paid to the Estate at the end of the closing in this case did not exist at the time Brown filed her petition and is not property of the Estate. *Siegel* is inapplicable to this case.

Even if the $6,000.00 was not distributed to the Estate and was instead distributed to the first mortgage creditor, there would still be a deficiency owed on the first mortgage since the amount owed by Brown to the first mortgage creditor at the time of the Bankruptcy Trustee's request to sell the property was $189,020.74, and the purchase price of the property was $160,000.00. Brown's two asserted exemptions, totally $23,145.00 ($11,470.00 + $11,675.00) must still be denied since there is no equity to which the exemptions could attach. *Siegel* did not hold for the proposition that even if there is no equity on a secured property, a debtor's equity

9

exemption should still be allowed. The Bankruptcy Code expressly states that secured liens in excess of the value of the property may not be exempted and that any such claimed exemptions are subordinate to a secured creditor's lien on the property. 11 U.S.C. § 522(c)(2). This is true in the instant case. *Siegel* is not applicable in this case since the Bankruptcy Court's finding that there was no equity to attach Brown's claimed exemptions did not contravene any law. The Bankruptcy Court in fact followed the dictates of § 522(c)(2). The Court affirms the Bankruptcy Court's rulings and order that Brown is not entitled to any exemptions as to the real property located in Ypsilanti, Michigan.

### III. AMENDED MOTION TO STAY PENDING APPEAL

Brown seeks an order to stay any distribution of the funds of the Estate pending the Court's ruling on this appeal. The Bankruptcy Trustee had yet to distribute the funds until the Bankruptcy Trustee filed a Notice of Intent to File Final Report on April 22, 2016. Brown claims this Notice is the first step in the process necessary for the Bankruptcy Trustee to distribute the funds to the creditors. In light of the Court's ruling set forth above, the instant motion is denied as moot.

### IV. CONCLUSION

For the reasons set forth above, the Court finds that the Bankruptcy Court did not err in denying Brown's claimed exemptions.

Accordingly,

IT IS ORDERED that the Bankruptcy Court is AFFIRMED.

IT IS FURTHER ORDERED that the Debtor Susan G. Brown's bankruptcy appeal is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Debtor's Amended Motion to Stay Pending Appeal **(Doc. No. 19)** is DENIED as MOOT.

IT IS FURTHER ORDERED that this bankruptcy appeal action is designated **CLOSED** on the Court's docket.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: May 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

TED: