**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

     SUSAN G. BROWN,

               Case No. 15-11017

        Debtor.            Hon. Denise Page Hood

_____

     SUSAN G. BROWN,

               (Bankruptcy Case No. 14-48421)

        Appellant,

     v.

     DOUGLAS ELLMANN, TRUSTEE,

        Appellee.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on a Motion for Reconsideration filed by the Appellant Susan G. Brown.

On May 31, 2016, the Court entered a Judgment and Opinion and Order dismissing Appellant's appeal and affirming the Bankruptcy Court's "Order Granting Trustee's Application for Authority to Sell Certain Property Free and Clear of Liens, Claims, Encumbrances and Other Interests to Proceeds of Sale; to Evict Debtor, and Approving Broker's Fees and Costs." (Doc. Nos. 21, 22) On June 3, 2016, Appellant filed the instant Motion for Reconsideration.

An amendment of an order after a judgment has been entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir.

1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds that Appellant's motion merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. Appellant has failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Appellant has not shown the Court clearly erred in ruling that the appeal should be denied and dismissed.

Accordingly,

IT IS ORDERED that Appellant Susan G. Brown's Motion for Reconsideration **(Doc. No. 23, filed June 3, 2016)** is DENIED.

IT IS SO ORDERED.


s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  July 27, 2016



I hereby certify that a copy of the foregoing document was served upon counsel of record on July 27, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager